OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 26, 1999

The Honorable Yolanda de León
Cameron County Attorney
   and Criminal District Attorney
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Opinion No. JC-0058

Re: The effect of two 1997 amendments to section 34.06(b) of the Tax Code (RQ-0031)

Dear Ms. de León:

      In 1997, the legislature enacted two provisions amending section 34.06(b) of the Tax Code, Senate Bill 141 and House Bill 3306. You ask whether House Bill 3306 prevails over Senate Bill 141. The Code Construction Act provides that when amendments to the same statute are enacted in the same session without reference to each other, the statutes must be harmonized if possible. *See* TEX. GOV'T CODE ANN. § 311.025(b) (Vernon 1998). If the statutes are irreconcilable, the latest in date of enactment prevails. *Id.* We conclude that the amendments to section 34.06(b) cannot be harmonized and that House Bill 3306, the later enacted provision, prevails.

      Subchapter A of chapter 34 of the Tax Code governs tax foreclosure sales. Pursuant to section 34.01(c), a property subject to foreclosure may be sold to a taxing unit that is a party to the judgment. *See* TEX. TAX CODE ANN. § 34.01(c) (Vernon 1992). The taxing unit may resell the property at any time. *See id.* § 34.05 (Vernon 1992 & Supp. 1999). Section 34.06, the provision at issue in your request, governs the distribution of the proceeds of the resale of a property purchased by a taxing unit. Prior to the 1997 legislative session, section 34.06 of the Tax Code provided as follows:

          (a) The proceeds of a resale of property purchased by a taxing unit at a tax foreclosure sale shall be paid to the purchasing taxing unit.

          (b) The purchasing taxing unit shall pay all costs and expenses of court and sale and shall distribute the remainder of the

proceeds as provided by Section 34.02 of this code for distribution of proceeds after payment of costs.[1]

In May 1995, the Texas Supreme Court ruled that section 34.06(b) requires a taxing authority to deposit excess proceeds from a sale with the registry of the trial court pursuant to section 34.02 of the Tax Code. *See Syntax, Inc. v. Hall,* 899 S.W.2d 189, 192 (Tex. 1995). Under section 34.02, the Court held, "taxing authorities are to receive only taxes, penalties, and interest due. Under subsection (c), any excess is to be paid to the clerk of the court issuing the order of sale. There is no statutory authority under section 34.02 for distribution of excess proceeds to any taxing authority." *Id.* at 191. The Court also noted that "taxing authorities would only receive excess proceeds if, at the end of seven years, no claimant has established a right to those funds under section 34.03." *Id.*

In 1997, the legislature enacted two bills amending section 34.06, Senate Bill 141 and House Bill 3306. Senate Bill 141 amended section 34.06(b) as follows:

> The purchasing taxing unit shall pay all costs and expenses of court, [and] sale, and *resale and, after deducting an amount equal to the amount the taxing unit has reasonably spent for the maintenance and preservation of the property,* shall distribute the remainder of the proceeds as provided by Section 34.02 of this code for distribution of proceeds after payment of costs.

Act of May 23,1997, 75th Leg., R.S., ch. 914, § 3, 1997 Tex. Gen. Laws 2898, 2900. Senate Bill 141 did not amend section 34.02. This enactment took effect on September 1, 1997. *See id.* § 7.

House Bill 3306 amended section 34.06(b) as follows:

> The purchasing taxing unit shall pay all costs and expenses of court and sale and shall distribute the remainder of the proceeds *to each taxing unit participating in the sale in an amount equal to the proportion each participant's taxes, penalties, and interest bear to the total amount of taxes, penalties, and interest due all participants in the sale, less any amounts previously paid as costs on the property as defined under Section 34.21(i)* [as provided by Section 34.02 of this code for distribution of proceeds after payment of costs].

Act of May 25, 1997, 75th Leg., R.S., ch. 906, § 10, 1997 Tex. Gen. Laws 2854, 2856. This bill also added section 34.21(i) to the Tax Code, which defined the term "costs" to "include all those amounts

---

[1]*As enacted by* Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2299, *amended by* Act of May 23,1997, 75th Leg., R.S., ch. 914, § 3, 1997 Tex. Gen. Laws 2898, 2900; Act of May 25, 1997, 75th Leg., R.S., ch. 906, § 10, 1997 Tex. Gen. Laws 2854, 2856.

reasonably expended by the purchaser or taxing unit in the maintenance, preservation, and safekeeping of the property, including but not limited to" items such as hazard insurance and improvements required by building standards or lease terms. *See id.* § 11. This enactment took effect on January 1, 1998. *Id.* § 14.

Again, the Code Construction Act provides that when amendments to the same statute are enacted in the same session without reference to each other, the statutes must be harmonized if possible. *See* Tex. Gov't Code Ann. § 311.025(b) (Vernon 1998). If the statutes are irreconcilable, the latest in date of enactment prevails. *See id.* For purposes of this provision, the date of enactment is the date on which the last legislative vote is taken on the bill enacting the statue. *Id.* § 311.025(d).

We do not believe that these two amendments to section 34.06(b) of the Tax Code can be harmonized. Under Senate Bill 141, a taxing unit is permitted to retain costs and expenses of court, sale, resale, and an amount equal to the amount the taxing unit has reasonably spent for the maintenance and preservation of the property. After deducting those amounts, however, the taxing unit must distribute the remainder of the proceeds as provided by section 34.02. Only two years before, the Supreme Court had determined that section 34.02 foreclosed immediate distribution of excess proceeds to the taxing authorities. *See Syntax*, 899 S.W.2d at 192. Senate Bill 141 retained the reference to and did not amend section 34.02. House Bill 3306, on the other hand, deleted the reference to section 34.02. Under House Bill 3306, the purchasing taxing unit, after paying costs and expenses of court and sale and costs defined in section 34.21(i), is required to immediately distribute the remainder of the proceeds to the taxing units participating in the sale on a pro rata basis. As the Senate committee bill analysis stated:

> [This bill] [a]mends Section 34.06(b), Tax Code, to require the purchasing taxing unit to distribute the remainder of the proceeds to each taxing unit participating to a certain degree in the sale, *rather than distribute the proceeds as provided by Section 34.02 of this code for distributions of proceeds after payment of costs.*

Senate Comm. on State Affairs, Bill Analysis, Tex. C.S.H.B. 3306, 75th Leg., R.S. (1997) (emphasis added).

In sum, because Senate Bill 141 mandates distribution of excess proceeds pursuant to section 34.02 of the Tax Code whereas House Bill 3306 mandates immediate distribution of excess proceeds among the participating taxing units, the two amendments to section 34.06(b) cannot be harmonized and are irreconcilable. The last legislative vote on Senate Bill 141 was taken on May 23, 1997. *See* S.J. of Tex., 75th Leg., R.S. 2597 (1997). The last legislative vote on House Bill 3306 was taken on May 25, 1997. *See* H.J. of Tex., 75th Leg., R.S. 3734 (1997). Accordingly, under the terms of the Code Construction Act, the amendments to section 34.06(b) made by House Bill 3306 must prevail. *See* Tex. Gov't Code Ann. § 311.025(b), (d) (Vernon 1998). Therefore, Senate Bill 141 was in effect only from its effective date, September 1, 1997, until January 1, 1998, when House Bill

3306 became effective. As of January 1, 1998, the House Bill 3306 amendments to section 34.06(b) superseded the Senate Bill 141 amendments to section 34.06(b).

## S U M M A R Y

Amendments to section 34.06(b) adopted by the Seventy-fifth Legislature in 1997 as Senate Bill 141 and House Bill 3306 cannot be harmonized. Pursuant to the Code Construction Act, House Bill 3306, the later enacted provision, prevails. *See* TEX. GOV'T CODE ANN. § 311.025(b), (d) (Vernon 1998).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General